IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EZELL TAYLOR,**

        Plaintiff,

  v.                          Case No. 2:14-cv-507
                              Judge Watson
                              Magistrate Judge King

**ROBERT WHITNEY,** *et al.*,

        Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION

    Ezell Taylor, a state prisoner, institutes this action seeking habeas corpus relief under 28 U.S.C. § 2254 and monetary relief under 42 U.S.C. § 1983. Although the *Complaint*, ECF 1, is difficult to decipher, it appears that petitioner challenges his state court conviction; he alleges that he was denied the effective assistance of counsel and was "deceived to plea out to multiple charges and having be lied to in regards to sentencing time and level was given the max in time and with no real hearing & defence . . . ."[sic] PAGEID # 4. Plaintiff also contends that he qualifies for a medical release from confinement. Plaintiff also challenges the conditions of confinement at the North Central Correctional Complex ("NCCC"). Although he alleges no facts in this regard, he contends that NCCC is overcrowded, unsanitary and inhumane, violative of the Clean Air Act and the Clean Water Act, is inaccessible to disabled or handicapped inmates and

1

fails to protect inmates' rights. Plaintiff also claims improper medical care and the denial of medical care, discrimination on the basis of race and the denial of equal protection. Plaintiff seeks his release from confinement and $150 million in damages.  He names as defendants a number of state employees, including the Governor of the State of Ohio, the Director of the Ohio Department of Rehabilitation and Correction, and the warden of NCCC.

Plaintiff has not presented his habeas corpus claims in the form required by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Indeed, plaintiff has not even identified the actual conviction that he intends to challenge. If plaintiff intends to pursue a habeas corpus action, he must submit his habeas corpus claims in the proper form.  If petitioner was convicted in Richland County, Ohio, his habeas corpus petition may be transferred to the United States District Court for the Northern District of Ohio. *See* 28 U.S.C. §§ 115(a)(1), §2241(d).

Although plaintiff invokes the provisions of 42 U.S.C. § 1983, the *Complaint* provides no factual support for its conclusory allegations regarding conditions of confinement at NCCC. Although a pleading need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because plaintiff has offered no factual allegations in support of his claims

2

under 42 U.S.C. § 1983, those claims must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff is **ORDERED** to submit his habeas corpus claims in the proper form within twenty-eight (28) days.  His failure to do so will result in the dismissal of his habeas corpus claims for failure to prosecute.  The Clerk is **DIRECTED** to provide the proper form to petitioner.

It is **RECOMMENDED** that petitioner's claims under 42 U.S.C. § 1983 be **DISMISSED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        *s/ Norah McCann King*
                                             Norah McCann King
                                  United States Magistrate Judge

June 23, 2014